**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 19-cr-60200-FAM-2**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SEBASTIAN AHMED,

    Defendant.

_____/

**DEFENDANT'S FIRST MOTION TO MODIFY BOND CONDITIONS AND ARGUMENT IN SUPPORT OF SAME**

Defendant, **SEBASTIAN AHMED ("AHMED")**, by and through undersigned counsel, files his First Motion to Modify Bond Conditions and Argument in Support of Same:

## I.    INTRODUCTION

1.    On July 11, 2019, the Government filed a sealed Indictment against AHMED charging him with one count of conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349 (Count 1); ten counts of health care fraud in violation of 18 U.S.C. §1347 (Counts 2–11); one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 12); and ten counts of money laundering in violation of 18 U.S.C. §1957(a) (Counts 13–22). (D.E. 1).

2.    On July 19, 2019, AHMED was arrested and appeared before the Court for his Initial Appearance, at which time the Court entered an Order to Unseal the Indictment, and AHMED was pretrial detained pursuant to the Government's request. (D.E. 13).

3.    On July 24, 2019, United States Magistrate Judge Patrick M. Hunt entered an Order noting that the parties had stipulated to a $250,000.00 corporate surety bond with a Nebbia

condition and certain other special bond conditions, including home detention with electronic monitoring and a limitation on travel to within the Southern District of Florida. (D.E. 19).

4. On August 2, 2019, AHMED posted the $250,000.00 corporate surety bond and satisfied the Nebbia condition. (D.E. 31).[1] Pursuant to AHMED's special bond conditions, he is required to participate in the home detention program with electronic monitoring, as part of which he is restricted to his residence at all times except for (1) medical needs or treatment, (2) court appearances, and (3) attorney visits or court ordered obligations. (D.E. 31). AHMED's special bond conditions also required, inter alia, that he close Arnica Health, LLC ("Arnica") and Medi MD, LLC ("Medi") and have no involvement in health care employment of any kind. (D.E. 31). These conditions have been fully satisfied.

## II.      MOTION TO MODIFY BOND CONDITIONS

5. AHMED respectfully requests that this Court modify his bond conditions as follows: (A) convert his home detention with electronic monitoring to a curfew, under which AHMED will be restricted to his residence every day from 9:00 PM to 6:00 AM and (B) permit him to return to the location of his former (now closed) office located at 7950 Southwest 30th Street, Suite 200, Davie, Florida, solely for the purposes of clearing out the physical office space, so the property can be offered for lease by the owner/landlord.

---

[1] There is some confusion with respect to Docket Entry 31 as the document that was initially posted is inconsistent with the document that replaced it. However, undersigned counsel believes that the Docket Entry 31 that is currently accessible on PACER contains the operative bond conditions. That said, it appears USPO Rick Samson has, and is rigidly holding AHMED to, the literal terms of the bond conditions which were included in the initially posted Docket Entry 31.

### III.   ARGUMENT

**A.   CONVERSION OF HOME DETENTION WITH ELECTRONIC MONITORING TO A CURFEW**

6. On July 24, 2019, during AHMED's pretrial detention hearing, this Court acknowledged that, once AHMED obtained employment, it would likely become easier to have AHMED placed on a curfew rather than home detention with electronic monitoring. (D.E. 41 at 10–12).

7. Although AHMED has been and continues to seek and obtain full-time employment, he is, for all intents and purposes, treating his preparation of this case for trial with undersigned counsel as his job, particularly in view of the recent trial setting (September 30, 2019). (D.E. 50).

8. Indeed, since retaining undersigned counsel, AHMED has spent nearly every weekday working with undersigned counsel and his team at undersigned counsel's office to, inter alia, formulate potential defense strategies, identify potential witnesses, review available discovery, and finalize the closure of Arnica Health and Medi MD, LLC pursuant to his special bond conditions.

9. Regrettably, to date, there have been several miscommunications and/or lapses in communication between AHMED and USPO Rick Samson, which have either (1) caused undersigned counsel to rearrange his schedule to accommodate these issues or (2) deprived AHMED of his ability to meet with undersigned counsel altogether.

10. Undersigned counsel appreciates the fact that USPO Samson monitors many defendants and requires a reasonable period of time within which to address requests for any one particular defendant; however, given the nature of this case and the significant amount of discovery

at issue,[2] undersigned counsel needs to meet and confer with AHMED a great deal to adequately prepare for trial, especially now that the assigned District Court Judge has set this matter on his September 30, 2019 Trial Calendar. (D.E. 50). Often these attorney-client meetings will need to take place unexpectedly or with little notice to accommodate undersigned counsel's schedule, which is incompatible with AHMED's home detention.

11. As such, converting AHMED's home detention with electronic monitoring to a curfew would enable undersigned counsel and AHMED to make the most of the precious little time before this matter proceeds to trial (which, as noted, is now set for the September 30, 2019 trial calendar). (D.E. 50).

12. These issues can be avoided if this Court were to convert AHMED's home detention with electronic monitoring to a curfew by which AHMED is restricted to his home from 9:00 PM to 6:00 AM.

13. AHMED has proven that he will abide by the terms of such curfew as he has dutifully complied with all of USPO Samson's instructions and his existing bond conditions—as harsh and confusing, at times, as they may be.

14. AHMED has surrendered his passport to the Government and his nine year old son's passport and passport card have been delivered to AHMED's attorney in Tallahassee, who in turn has delivered same to AHMED's son's mother's attorney.

---

[2] The Government has advised that there is approximately **three terabytes** of discovery, which is equivalent to approximately 1,500,000,000 typewritten pages. See Gary L. Kaplan & Joshua P. Kubicki, E-Discovery Litigation, 20110627 AHLA Seminar Papers 39 n.2 (2011); see also Andrew C. Payne, Twitigation: Old Rules In A New World, 49 Washburn L.J. 841, 848 n.66 (2010) ("To put the amount of data in perspective, one terabyte is equivalent to 500 million typewritten pages or 1 million books and 10 terabytes would encompass all of the printed works in the Library of Congress.").

15. AHMED, immediately upon release from jail, closed Arnica and Medi. AHMED has also surrendered, through undersigned counsel, all Florida Department of Children and Families ("DCF") operating licenses relating to those companies. AHMED is no longer in the healthcare related business as required by the conditions of his bond.

16. AHMED, through undersigned counsel and with the prior knowledge and consent of AUSA Christopher Clark, has taken the initiative to obtain Arnica's and Medi's mail, which includes third-party insurance benefit checks made payable to the two companies. Undersigned counsel has maintained custody and control of these checks and is in discussions with AUSA Clark regarding the permissible use of those funds to pay terminated employees and third-party vendors, legal fees and expenses, and AHMED's modest personal living expenses.

17. For these reasons, at this time, conversion of AHMED's home detention with electronic monitoring to a reasonable curfew is requested, and we believe, under the circumstances, appropriate.

**B.    PERMISSION TO RETURN TO FORMER OFFICE SPACE**

18. As stated above, pursuant to AHMED's bond conditions, he immediately closed Arnica and Medi.

19. AHMED also surrendered to DCF all operating licenses relating to Arnica and Medi and has cooperated with DCF's requests relating to identifying, as best he could, the relocation of the patients who had been served by Arnica and Medi.

20. However, the physical office space at which the two companies were located, 7950 Southwest 30th Street, Suite 200, Davie, Florida, which is a rented suite, still has a substantial amount of tangible property which must be removed and appropriately dealt with.

21. AHMED requests permission to be able to return to the office location, so that he can evaluate the status of the existing property and make appropriate decisions as to how to dispose/store of same.  For example, some of the equipment is leased and need to be returned to the lessor.

22. The Government previously searched the premises with a Search Warrant and seized all materials that it, presumably, needed to prosecute this case.

23. For these reasons, AHMED requests that he be permitted to return to his former office space, 7950 Southwest 30th Street, Suite 200, Davie, Florida, for the purposes of disposing of the property that remains there and to surrender the premises to the owner/landlord so the property can be released.

24. Undersigned counsel has contacted AUSA Clark regarding this matter, who advised the Government **opposes** the relief requested herein.

### IV.   REQUEST FOR HEARING

25. In compliance with Local Rule 7.1(b)(2), undersigned counsel requests a hearing on this Motion to address the above-listed issues with the Court.

**WHEREFORE**, Defendant, **SEBASTIAN AHMED**, respectfully requests that this Honorable Court grant his First Motion to Modify Bond Conditions, and grant such other relief as is just and proper.

>Respectfully submitted,
>
>**GRAY ROBINSON, P.A.**
>Attorneys for Defendant
>333 SE 2nd Avenue, Suite 3200
>Miami, Florida  33131
>Telephone #: (305) 416-6880
>Facsimile #: (305) 416-6887
>jhirschhorn@gray-robinson.com
>
>By: s/Joel Hirschhorn
>     JOEL HIRSCHHORN
>     Florida Bar #104573

## LOCAL RULE 88.9 CERTIFICATION

I HEREBY CERTIFY that, pursuant to Local Rule 88.9, I have conferred with AUSA Christopher Clark on the foregoing Motion in a good faith effort to resolve the issues raised in this Motion and have been unable to do so.

>s/Joel Hirschhorn
>JOEL HIRSCHHORN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 28, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>s/Joel Hirschhorn
>JOEL HIRSCHHORN