**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 19-cr-60200-FAM-2**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SEBASTIAN AHMED,

    Defendant.

_____/

**DEFENDANT'S MOTION *IN LIMINE* TO LIMIT "EXPERT" TESTIMONY OF DR. KELLY CLARK**

Defendant, **SEBASTIAN AHMED ("AHMED")**, by and through undersigned counsel, and pursuant to Fed. R. Evid. 403, 702 and 704(b), files his Motion *in Limine* to Limit "Expert" Testimony of Dr. Kelly Clark, and as grounds therefor, states the following:

**STATEMENT OF FACTS**

1. On July 11, 2019, the Government filed a sealed Indictment against AHMED charging him with one count of conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349 (Count 1); ten counts of health care fraud in violation of 18 U.S.C. §1347 (Counts 2–11); one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 12); and ten counts of money laundering in violation of 18 U.S.C. §1957(a) (Counts 13–22). (D.E. 1).

2. On September 9, 2019, pursuant to Fed. R. Crim. P. 16(a)(1)(G) and this Court's Standing Discovery Order, the Government provided, via email, its Notice of Intent to Use Expert Witness, along with the expert report of Dr. Kelly Clark ("Dr. Clark").

3. In her report, Dr. Clark provided various opinions which, if presented to a jury, would be improper under Fed. R. Evid. 403, 702 and 704(b) as highly and unduly prejudicial, not helpful to the trier of fact, and an invasion of the province of the jury.

4. More specifically, Dr. Clark report provides the following opinions which this Court should prohibit the Government from offering at trial:

   a. "These clinical notes do not show that the provision of care appropriate to each patient was provided, but rather indicate that the primary issue at [sic] was engaging **patients in coming in order to bill for both program services as well as obtain drug testing**." (See Dr. Clark's Report p. 7) (emphasis added).

   b. "[T]he facility was covertly colluding with the patients in allowing their continued drug use and signaling to the patients that the program and its staff did not care about the patient's drug use." (Id.).

   c. "The expensive panels of tests had results reported usually within 48 hours of collection but were typically reported as reviewed weeks or months later, which would not have even allowed them to be used effectively for treatment purposes and which **should be considered fraudulently billed**." (Id.) (emphasis added).

   d. "This review of medical records and insurance claim records of patients at Medi MD, Arnica Health, and Jacob's Well has identified that these programs engaged in **systematic illegal and unethical behaviors**." (Id. at p. 13) (emphasis added).

   e. The fraudulent use of drug testing, prescribing of abusable [sic] and divertible medications without medico-legal justification, the keeping of and providing counseling services based on collusion between the patients and staff by ignoring overwhelming evidence that the patients were using drugs, **all describe a program with no therapeutic merit or intent**." (Id.)

## ARGUMENT

AHMED requests this Court to restrict the Government's expert witness from testifying as to matters that (1) will not assist, but rather confuse, the trier of fact; (2) are for the trier of fact alone to decide; and (3) which are highly and unduly prejudicial.

Federal Rule of Evidence 704(b) provides:

> In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

In prosecutions for alleged healthcare fraud, as here, the principal issues are (1) whether the claims submitted by the Defendants for reimbursement to insurance companies were incorrect under the applicable statutes, rules, regulations, and policies; and (2) if so, whether the Defendants made the submissions with the requisite fraudulent intent. United States v. Medina, 485 F.3d 1291, 1297 (11th Cir. 2007) ("[I]n a health care fraud case, the defendant must be shown to have **known** that the claims submitted were, in fact, false.") (emphasis added); see also United States v. Forcada, 206 Fed. App'x 969, 970, 2006 WL 3406541 (11th Cir. 2006) ("To support a conviction for substantive health care fraud under 18 U.S.C. § 1347, the government must prove that the defendant (1) knowingly and willfully executed, or attempted to execute, a scheme or artifice to (2) defraud a health care benefit program or to obtain by false or fraudulent pretenses any money or property under the custody or control of a health care benefit program, (3) in connection with the delivery of or payment for health care benefits, items, or services.").

As noted above, Dr. Clark's report included her personal "expert" opinion that the defendants' (1) "fraudulently billed" for urinalysis tests, (2) "had no significant concern about the patients' wellbeing[,]" and (3) "engaged in systematic illegal and *unethical* behaviors." See Dr. Clark's Report, pgs. 6, 7 and 13 (emphasis added). These opinions address to the defendant's purported state of mind or the ultimate issue—whether the defendants engaged in illegal[1] and fraudulent conduct. Such determination is for the trier of fact alone, and therefore, must be

---

[1] Dr. Clark also offers her opinion as to whether the conduct at issue was "unethical." Whether one's conduct is "ethical" or not is an issue for another forum and not this Federal criminal trial.

3

precluded under Fed. R. Evid. 704(b). whether the urinalysis tests were conducted for the benefit of the patients or solely for the purposes of generating profit. Such determination is for the trier of fact alone, and therefore, must be precluded under Fed. R. Evid. 704(b).

In addition, Dr. Clark's opinion on these issues will not be helpful to, and will likely confuse, the jury, but also will be highly and unduly prejudicial to AHMED, and, thus, not admissible under Rules 702 and 403. See United States v. Synder et. al., No. 18-CR-80111-ROSENBERG (S.D. Fla. July 1, 2018) (Reinhart, Mag J. Report and Recommendation) (D.E. 252). Indeed, this is not the first time the Government has attempted to use the same expert witness, Dr. Clark, for these same improper purposes. In Snyder, a healthcare case involving alleged fraudulent billing for urinalysis testing, the defendant moved to exclude Dr. Clark's anticipated testimony that her review of medical records uncovered "indicia of fraud" and that the treatment centers at issue in that case used "urinalysis testing as a profit center"[2] under Fed. R. Evid. 403, 702 and 704. Id. Moreover, in addressing Dr. Clark's use of the term "fraud" in her report/anticipated testimony, Magistrate Judge Reinhart stated the following:

> It is a close question whether Rule 704(b) would prohibit Dr. Clark from testifying that she identified indicia of fraud in the billing submitted by Snyder's companies; this testimony would not be a direct opinion on Snyder's mental state. Nevertheless, there is a substantial risk that allowing Dr. Clark to use the term "fraud" (as she defines it) would confuse the jury, even in the face of an instruction by the trial court that the jury must only apply the legal definition of "fraud" contained in the jury instructions. Therefore, pursuant to Fed. R. Evid. 403, Dr. Clark should be precluded from testifying about "fraud" or "indicia of fraud."

Id. D.E. 252 at p. 8.

Concerning the issue of Dr. Clark's opinion that urinalysis testing was used solely to

---

[2] Sebastian Ahmed had no interest in urine, or other, testing centers, hence there would be no financial gain to Sebastian Ahmed by the billing or payment of those tests.

generate profit, United States Magistrate Judge Reinhart determined that the testimony would not be helpful to the jury, and thus, was not allowable under Fed. R. Evid. 702:

> Finally, Snyder objects to Dr. Clark opining that urinalysis testing was used as a "profit center" by Snyder's companies. The Court agrees. Once the underlying facts are admitted into evidence, that conclusion is not beyond the understanding of the average lay person. It is best left for argument by counsel, or for testimony by a fact witness, such as a summary financial witness. Dr. Clark should, however, be allowed to testify to the underlying facts if they are within her knowledge — such as the costs associated with urinalysis testing and the range of insurance payments for testing.

Id. (D.E. 252 at p. 9). For these same reasons, this Court should preclude Dr. Clark from testifying **or implying** (1) that the claims for urinalysis testing "should be considered fraudulent billing[,]" (2) that the treatment centers had no concern about the success of its patients' treatment, or (3) that the defendants were engaged in "systematic illegal and unethical behaviors[,]" all of which are barred by Fed. R. Evid. 704(b).

**WHEREFORE**, Defendant, **SEBASTIAN AHMED**, prays this Honorable Court grants his Motion *In Limine* to Limit Expert Testimony of Kelly Clark, and such other relief as is just and proper.

                                        Respectfully submitted,

                                        **GRAYROBINSON, P.A .**
                                        Attorneys for Defendant Sebastian Ahmed
                                        333 SE 2nd Avenue, Suite 3200
                                        Miami, Florida  33131
                                        Telephone #: (305) 416-6880
                                        Facsimile #: (305) 416-6887
                                        jhirschhorn@gray-robinson.com

                                        By: s/Joel Hirschhorn
                                             JOEL HIRSCHHORN
                                           Florida Bar #104573

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 23rd, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                        s/Joel Hirschhorn
                                        JOEL HIRSCHHORN