**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 19-cr-60200-FAM-2**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

SEBASTIAN AHMED,

      Defendant.

_____/

### DEFENDANT'S SECOND MOTION TO MODIFY BOND CONDITIONS (TO VISIT HIS MINOR CHILD), ARGUMENT IN SUPPORT OF SAME, AND REQUEST FOR HEARING

Defendant, **SEBASTIAN AHMED ("AHMED")**, by and through undersigned counsel, files his Second Motion to Modify Bond Conditions (To Visit His Minor Child), Argument in Support of Same, and Request for Hearing:

### I.    INTRODUCTION

1.    On July 11, 2019, the Government filed a sealed Indictment against AHMED charging him with one count of conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349 (Count 1); ten counts of health care fraud in violation of 18 U.S.C. §1347 (Counts 2–11); one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 12); and ten counts of money laundering in violation of 18 U.S.C. §1957(a) (Counts 13–22). (D.E. 1).

2.    On July 19, 2019, AHMED was arrested and appeared before the Court for his Initial Appearance, at which time the Court entered an Order to Unseal the Indictment, and AHMED was pretrial detained pursuant to the Government's request. (D.E. 13).

3.      On July 24, 2019, Magistrate Judge Patrick M. Hunt entered an Order noting that the parties had stipulated to a $250,000.00 corporate surety bond with a Nebbia condition and certain other special bond conditions, including home detention with electronic monitoring and a limitation on travel to the Southern District of Florida.  (D.E. 19).

4.      On August 2, 2019, AHMED posted the $250,000.00 corporate surety bond and satisfied the Nebbia condition.  (D.E. 31).  Pursuant to AHMED's special bond conditions, he is required to participate in the home detention program with electronic monitoring, as part of which he is restricted to his residence at all times except for (1) medical needs or treatment, (2) court appearances, and (3) attorney visits or court ordered obligations.  (D.E. 31).  AHMED's special bond conditions further authorized travel within the Southern District of Florida provided he notify Pretrial Services of his travel plans before leaving and upon return.  (D.E. 31).  AHMED's special bond conditions also required, inter alia, that he close Arnica Health, LLC ("Arnica") and Medi MD, LLC ("Medi") and have no involvement in health care employment of any kind—this condition has been satisfied.  (D.E. 31).

5.      Unrelated to this matter, AHMED has a custody and visitation petition pending in Leon County, Florida (Case No. 2011 DR 001544) before Circuit Judge Martin A. Fitzpatrick.  This lawsuit was originally filed, on May 2, 2011, by AHMED against his former partner, Natalie Mitchell, to determine and establish paternity of the couple's minor child and to establish a parenting plan and child support.

6.      On February 9, 2012, the State Court entered a Final Judgment of Paternity noting that AHMED "**has shown to be extraordinarily committed to [his] child**" and establishing an extensive parenting plan for time sharing of the child and a child support schedule, to which AHMED has faithfully adhered.

7.     On July 24, 2019, following AHMED's arrest and pretrial detention, Ms. Mitchell filed a Verified Motion for Emergency Relief with Request for Ex-Parte Relief requesting, inter alia, temporary full custody of the couple's child pending the resolution of this case and restrictions on AHMED's visitation with his child.

8.     On August 8, 2019, the State Court entered an Order granting Ms. Mitchell's Verified Motion for Emergency Relief with Request for Ex-Parte Relief, awarding full custody and full parental responsibility of the child to Ms. Mitchell, and restricting AHMED's visitation to supervised contact occurring at a visitation center or with a supervisor approved by Ms. Mitchell.

9.     On September 18, 2019, the State Court entered a Stipulated Order Modifying Order Dated August 8, 2019, which modified the August 8, 2019 Order, inter alia, as follows:

> Based on the foregoing, and assuming the Father's travel restrictions are modified in the criminal court, the Petitioner/Father's timesharing as set out in the Court's Final Judgment of Paternity entered 2/9/2012 is reinstated, except that the Petitioner/Father's timesharing shall be limited to Northern and Southern Districts of Florida, subject to the conditions of the Petitioner/Father's bond in the federal matter. However, the child's travel to the Southern District shall be limited to extended holidays and summers, to include three day weekends; i.e. absent exceptional circumstances, the child will not be removed from Tallahassee during the school year for a normal, two-day weekend.

(See Stipulated Order Modifying Order Dated August 8, 2019 attached hereto as **Exhibit A**).

10.     As a result of the bond conditions imposed sub judice limiting AHMED's travel to the Southern District of Florida, AHMED has not been able to see his nine-year-old child since his arrest on July 19, 2019.  Between February 9, 2012—the date on which the State Court granted AHMED shared custody of his child—and his arrest on July 19, 2019, AHMED had not missed a single visitation with his son.

## II.    MOTION TO MODIFY BOND CONDITIONS

11.     AHMED respectfully requests that this Court modify his bond conditions to permit him to travel to and from the Northern District of Florida solely for the purposes of exercising his State Court ordered visitation with his nine-year-old child and to attend all necessary court appearances in relation to the Leon County, Florida (Case No.: 2011 DR 001544) litigation provided AHMED notifies Pretrial Services of his travel plans, at least forty-eight hours, before leaving and within twelve hours upon his return.

## III.    ARGUMENT

12.     Florida law provides that, "although one parent may have primary residential responsibility for a child, [Florida] law seeks to assure that the child have '**frequent and continuing contact**' with both parents and that parental responsibility for the child be shared." Mize v. Mize, 621 So. 2d 417, 419 (Fla. 1993).  The implication being that it unfairly damages and harms a child to deprive him or her of access to a parent.

13.     Here, the State Court entered a Final Judgment of Paternity specifically noting that AHMED "**has shown to be extraordinarily committed to [his] child**" and established an extensive visitation schedule, so that AHMED would have regular access to his child.

14.     Although the State Court recently limited that visitation schedule upon the ex-parte request of Ms. Mitchell, the State Court did so temporarily and solely as a result of this case.

15.     Moreover, the State Court subsequently reinstated AHMED's right to visit with his child.

16.     That said, regrettably, AHMED has not been able to exercise that right since July 19, 2019 because of his current bond conditions.

4

17.     Indeed, it has been over two months since AHMED last saw his young son, which is reportedly causing significant emotional harm not only to the child, but also to AHMED's relationship with his child.

18.     AHMED is willing to travel with a licensed bondsperson at his own expense to accompany him at all times while traveling to the Northern District of Florida for the sole purposes of exercising his Court-ordered right to visit with his child and/or to attend hearings related to his in the Leon County, Florida (Case No. 2011 DR 001544) litigation.

19.     AHMED has already contacted licensed bails bondsperson Holly Apetz of 24 Hour ASAP Bail Bonds, who advised that she is agreeable to accompany AHMED at all times while traveling to the Northern District of Florida for the sole purpose of exercising his Court-ordered right to visit with his child and/or to attend hearings related to the Leon County, Florida (Case No.: 2011 DR 001544) litigation should the Court modify his bond conditions.

20.     Should the Court permit this modification, AHMED is willing to post an additional corporate surety bond in the amount of $25,000.00 to ensure his faithful compliance with his conditions of bond.

21.     In order to avoid unnecessary Court intervention each time AHMED needs to exercise his Court-ordered right to visit with his child, it would be much more manageable to permit USPO Rick Samson to approve AHMED's travel to and from the Northern District of Florida solely for the purposes of visiting his child pursuant to his visitation schedule and/or to attend hearings related to the Leon County, Florida (Case No. 2011 DR 001544) litigation.

22.     If this Motion is granted, AHMED will, of course (as he has been), continue to advise USPO Samson of **all** travel-related information, including times of departure and return,

modes of transportation, exact destinations, contact information for relevant parties, and any other information deemed appropriate.

23.     AHMED has proven that he will abide by all the terms of bond as he has to date, dutifully complied with same, including complying with USPO Samson's strict interpretation of AHMED's home detention.

24.     This Motion is in the best interest of AHMED's child and is made, in good faith, solely for the purpose of AHMED seeking to exercise his right of visitation with his minor son and to provide care and emotional comfort for his son.

### IV.     LOCAL RULE 88.9 CERTIFICATION

25.     I hereby certify that, pursuant to Local Rule 88.9, I have conferred with AUSA Christopher Clark on the foregoing Motion in a good faith effort to resolve the issues raised in this Motion and have been unable to do so.  AUSA Clark advised the Government **opposes** the relief requested herein.

### V.     REQUEST FOR HEARING

26.     In compliance with Local Rule 7.1(b)(2), undersigned counsel requests a hearing on this Motion to address the above issues with the Court.

**WHEREFORE**, Defendant, **SEBASTIAN AHMED**, respectfully requests that this Honorable Court grant his Second Motion to Modify Bond Conditions (To Visit His Minor Child), and grant such other relief as is just and proper.

Respectfully submitted,

**GRAY ROBINSON, P.A .**
Attorneys for Defendant
333 SE 2nd Avenue, Suite 3200
Miami, Florida  33131
Telephone #: (305) 416-6880
Facsimile #: (305) 416-6887
jhirschhorn@gray-robinson.com

By: s/Joel Hirschhorn
     JOEL HIRSCHHORN
     Florida Bar #104573

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 4 , 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/Joel Hirschhorn
JOEL HIRSCHHORN

# EXHIBIT A

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR LEON COUNTY, FLORIDA
FAMILY LAW DIVISION

CASE NO. 2011-DR-1544

SEBASTIAN AHMED,

      Petitioner,

v.

NATALIE MITCHELL,

      Respondent.

_____/

## STIPULATED ORDER MODIFYING
## ORDER DATED AUGUST 8, 2019

COME NOW the parties and consent by signature heron to the entry of this order

modifying the Order on Respondent's Verified Motion for Emergency Relief and Request for

ExParte Relief entered by this Court on August 8, 2019.

Scott Smiley, Esq.
Counsel for Mother

Trudy Innes Richardson, Esq.
Counsel for Father

Based on the foregoing, it is ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter and the parties.

2. The Respondent/Mother filed a Verified Motion for Emergency Relief and Ex-Parte Relief

    which this Court granted on August 8, 2019.

    a. As grounds for the motion, among other things, the Respondent/Mother

       expressed concern that the Petitioner/Father was a flight risk based upon his

       having been charged with crimes in Federal Court (*United States of America v.*

*Sebastian Ahmed*, 19-60200 CR, United States District Court, Southern District of

Florida), and based upon his possession of the child's passport.

3. The Petitioner/Father has given the child's passport book and passport card to counsel

for the Respondent/Mother, and it shall be held by the Mother pending further Order of

this Court; and

4. The terms and conditions of the Petitioner/Father's bond in the federal matter require:

   a. Posting of bond in the amount of $250,000; and

   b. Surrender of all passports and travel documents to the Pretrial Services Office; and

   c. Reporting to Pretrial Services on demand; and

   d. Participating in Home Confinement Program, which requires

      i. Use of a GPS monitor or other location verification system;

      ii. Travel as permitted by the Court;

      iii. Travel only within SDFL on notification to Pretrial Services.

5. The Petitioner/Father's criminal defense counsel has requested modification

   of the Petitioner/Father's bond to include travel to Tallahassee for timesharing with

   the child and court appearances in this case, on notification to Pretrial Services.

6. Based on the foregoing, and assuming the Father's travel restrictions are modified in the

   criminal court, the Petitioner/Father's timesharing as set out in the Court's Final

   Judgment of Paternity entered 2/9/2012 is reinstated, except that the Petitioner/Father's

   timesharing shall be limited to Northern and Southern Districts of Florida, subject to the

   conditions of the Petitioner/Father's bond in the federal matter.  However, the child's

   travel to the Southern District shall be limited to extended holidays and summers, to

include three-day weekends; i.e. absent exceptional circumstances, the child will not be removed from Tallahassee during the school year for a normal, two-day weekend.

7. The Petitioner/Father must provide the Respondent/Mother the physical address of where the child will be sleeping at all times during timesharing, and the Petitioner/Father shall provide the Respondent/Mother a working telephone number where the child can be reached at all times (the Father's cell phone is sufficient). The Respondent/Mother shall be allowed to, but is not required, to speak with the child daily. Further, if the Petitioner/Father is unable to be in the physical presence of the child overnight during his timesharing then the Mother shall be notified without delay, and the child shall be returned to the Respondent/Mother.

8. Nothing in this Order shall be construed to grant Petitioner/Father timesharing outside of the State of Florida, or to require the Respondent/Mother to transport the child to the Southern District of Florida to facilitate the Petitioner/Father's timesharing.

9. The Petitioner/Father must remain in compliance with his bond. Any violation of the Petitioner/Father's bond conditions shall immediately terminate the Petitioner/Father's timesharing until further order of this Court.

10. Except as modified by the terms of this Order, the terms of the Temporary Order dated August 8, 2019 shall remain in full force and effect. At such time as bond is no longer required in the federal matter, either party may request modification of the Petitioner/Father's timesharing.

11. This Court retains jurisdiction over the subject matter and the parties.

DONE AND ORDERED this _18_ day of September, 2019, in Chambers located in Tallahassee,

Leon County, Florida.

_____
Hon. MARTIN A. FITZPATRICK
Circuit Court Judge

Cc via e-portal service to:

Trudy Innes Richardson
Counsel for Petitioner/Father

Scott Smiley
Counsel for Respondent/Mother