UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60200-CR-MORENO(s)

UNITED STATES OF AMERICA

v.

SEBASTIAN AHMED,

    Defendant.
_____/

UNITED STATES OF AMERICA'S MEMORANDUM
REGARDING POTENTIAL CONFLICT OF INTEREST

  The United States of America, through undersigned counsel, files this memorandum regarding the potential conflict of interest presented by Mr. Joel Hirschhorn's representation of defendant Sebastian Ahmed and submits the following facts and law to assist the court in conducting a hearing pursuant to Rule 44 of the Federal Rules of Criminal Procedure.

  I.  **Factual Background**

  In the above captioned case, defendant Sebastian Ahmed is charged by superseding indictment with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); health care fraud, in violation of 18 U.S.C. § 1347 (Counts 2-11); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956 (Count 12); and money laundering, in violation of 18 U.S.C. § 1957 (Counts 13-23).

  Attorney Joel Hirschhorn represents defendant Sebastian Ahmed in the instant case pending trial.

  The United States intends to call witness Roy Ageloff in its case-in-chief. Attorney Hirschhorn formerly represented Mr. Ageloff in the Eastern District of New York in Case No. 98-01129-Cr-RJD in which he was charged with racketeering in violation of 18 U.S.C. § 1962

Ageloff pleaded guilty and was sentenced to a term of 96 months' imprisonment, followed by three years' supervised release. In addition, Brian Bieber, who is Mr. Hirschhorn's law partner, represented Ageloff in Case No. 05-20028-Cr-Moreno. Ageloff pleaded guilty to escape charges in violation of 18 U.S.C. § 751 and was senteneced to a year and one day's imprsonment.

Mr. Hirschhorn represents that he has enlisted defense counsel Robert Amsel to represent defendant in the cross-examination of witness Ageloff. Given this arrangement, defendant Sebastian Ahmed waives any potential conflict arising from the dual representation by attorney Hirschhorn. *See* Affidavit of Sebastian Ahmed, Exhibit A. Likewise, witness Ageloff waives any potential conflict arising from Mr. Hirschhorn's representation of defendant Ahmed. Nor does the United States seek disqualification of Mr. Hirschhorn from his representation of defendant Ahmed.

Accordingly, pursuant to Federal Rule of Criminal Procedure 44, it is requested that the Court conduct an inquiry of the defendant to ensure that: (1) he understands that he is entitled to effective representation by independent and conflict-free counsel, (2) an actual or potential conflict of interest may arise by attorney Hirschhorn's previous representation of witness Ageloff, and (3) he fully understands the consequences of waiving his right to conflict-free counsel, including, potentially, the waiver of the attorney-client privilege in certain instances.

## II.     Applicable Law Regarding Attorney Conflicts of Interest

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense. An essential part of that right is the accused's ability to select the counsel of his choice. *United States v. Ross*, 33 F.3d 1507, 1522 (11th Cir. 1994). This right, however, is not absolute. *Wheat v. United States*, 486 U.S.

2

153 (1988).  The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual or serious potential conflict of interest, such as when that attorney has previously represented a person who will be called as a witness against a current client at a criminal trial. *Id.*  As a result, the district court is allowed substantial latitude in determining whether an actual or serious potential conflict of interest requires disqualification of a lawyer's representation. *See Wheat*, 486 U.S. at 153 (disqualified a defense counsel who previously represented a co-conspirator); *United States v. Campbell*, 491 F.3d 1306 (11th Cir. 2007)(disqualified a lawyer where the lawyer's partner had previously represented a government witness in the same investigation and the partner's client, the witness, did not waive the conflict or the attorney-client privilege); *Ross*, 33 F.3d at 1507 (disqualified defense counsel because he previously represented a witness who had been involved in the defendant's conspiracy and was expected to be a government witness).  In addition, a district court can refuse waivers of conflicts of interest, not only in those cases where an actual conflict may be demonstrated before the trial, but also, in those cases where a potential conflict exists, which  may or may not burgeon into an actual conflict at trial. *Id.*  While there is a presumption in favor of the defendant's counsel of choice, that presumption may be overcome by a showing of a serious potential for conflict. *Id.*

In *Ross* the Eleventh Circuit, in deciding whether a conflict warrants disqualification of a lawyer, set forth the following analytical framework and potential consequences:

> In deciding whether the actual or potential conflict warrants disqualification, we examine whether the subject matter of the first representation is substantially related to that of the second. … Our goal is to discover whether  the defense lawyer has divided loyalties that prevent him from effectively representing the defendant. … If the conflict could cause the defense attorney improperly to use   privileged communication in cross-examination, then disqualification is appropriate. Indeed, it is also true that disqualification is equally

3

> appropriate if the conflict could deter the defense attorney from intense probing of the witness on cross-examination to protect privileged communications with the former client or to advance the attorney's own personal interest. In short, the court must protect its independent interest in ensuring that the integrity of the judicial system is preserved and that trials are conducted within ethical standards.

*Ross*, 33 F.3d at 1523 (citations omitted); *see also United States v. Almeida*, 341 F.3d 1318, 1323-1327 (11th Cir. 2003)("We hold that when each party to a joint defense agreement is represented by his own attorney, and when communications by one co-defendant are made to the attorney of other co-defendants, such communications do not get the benefit of the attorney-client privilege in the event that the co-defendant decides to testify on behalf of the government in exchange for a reduced sentence.").

### III. The United States Presently Does Not Object to Attorney Hirschhorn's Representation of Defendant Ahmed

At the present time, in light of the proffered willingness of both witness Ageloff and defendant to waive any conflict of interest, the United States does not object to Attorney Joel Hirschhorn's representation of Sebastian Ahmed in the case at bar. Rather, the United States files this memorandum to inform the Court of the actual or potential conflicts of interest, to aid the Court in its inquiry to defendant and his lawyer, and to ensure that defendant understands the possible consequences of his waiver of a conflict of interest, including the possible waiver of the attorney-client privilege.

Pursuant to Local Rule 88.9(a) of the U.S. District Court for the Southern District of Florida, the undersigned counsel represents that he has conferred with Joel Hirschhorn, counsel for defendant, who concurs with the relief sought herein.

4

**WHEREFORE**, the United States requests that the Court consider its position with regard to the potential conflict of interest presented by Mr. Joel Hirschhorn's representation of defendant Sebastian Ahmed and conduct a hearing pursuant to Rule 44 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/Christopher J. Clark*
Assistant United States Attorney
Florida Bar No. 588040
99 Northeast 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel: (305) 961-9167
Fax: (305) 536-6531

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF with electronic service to counsel of record.

*s/Christopher J. Clark*
Assistant United States Attorney