UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60200-CR-MORENO(s)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SEBASTIAN AHMED,

    Defendant.

_____/

### UNITED STATES' BENCH MEMORANDUM REGARDING CRIMINAL FORFEITURE

Pursuant to Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure,[1] the United States of America (hereinafter, the "United States" or the "Government"), by and through its undersigned counsel, hereby respectfully requests that the Court, before the jury begins its deliberations, inquire whether defendant Sebastian Ahmed ("Defendant") requests that the jury be retained after a guilty verdict to determine the forfeitability of the specific property sought for criminal forfeiture. To aid the Court, the United States also submits this memorandum on the applicable rules and procedure governing criminal forfeiture in this case and the accompanying

---

[1] Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, which establishes a right to a jury trial on the forfeiture allegations, states, in relevant part:

    (5) *Jury Determination.*
      (A) *Retaining the Jury.* In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, *the court must determine before the jury begins deliberating* whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added).

1

proposed jury instructions and a special verdict form. The United States is not requesting to retain the jury for forfeiture.

**I.      BRIEF PROCEDURAL HISTORY**

On November 14, 2019, a grand jury sitting in the Southern District of Florida returned a Superseding Indictment against the Defendant charging him with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349, health care fraud, in violation of 18 U.S.C. § 1347, conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and money laundering, in violation of 18 U.S.C. § 1957. Superseding Indictment, ECF No. 87.

The Superseding Indictment also contained forfeiture allegations, which alleged that upon a conviction of 18 U.S.C. §§ 1347 or 1349, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation. *Id.* at Pg. 15. The Indictment further alleged upon a conviction of a violation of 18 U.S.C. §§ 1956 or 1957, as alleged in the Superseding Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at Pg. 15. The Superseding Indictment, in paragraph 4 of the forfeiture allegations, alleged that the property subject to forfeiture includes, but is not limited to, the following assets (collectively, the "Subject Assets"):

> (i)    Real property located at 3021 NE 55th Place Fort Lauderdale, Florida 33308;
>
> (ii)   All funds on deposit in account number 989095464135 held at Bank of America in the name of Medi MD LLC;

2

  (iii) All funds on deposit in account number 898220517 held at JP Morgan Chase Bank in the name of Medi MD LLC;

  (iv) All funds on deposit in account number 3726601959 held at JP Morgan Chase Bank in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Systems Management; and

  (v) All funds on deposit in account number 990553422 held at JP Morgan Chase Bank in the name of Sebastian Ahmed CPA LLC d/b/a Arnica Health Systems Management.

*Id.* at Pg. 15-16.

The Superseding Indictment further provided that upon conviction of the offenses alleged in the Superseding Indictment, the United States will seek forfeiture of the sum of at least $5,915,849 in United States currency, which amount is equal to the gross proceeds traceable to the commission of the violations alleged in this Superseding Indictment, which the United States will seek as a forfeiture money judgment as part of the defendant's sentence.  *Id.* at Pg. 15.

**I. RULES AND PROCEDURE FOR BIFURCATED FORFEITURE PROCEDURE**

 **A. Jury's Role and Requirements**

Should the jury return a verdict finding the Defendant guilty of one or more of the offenses charged in the Superseding Indictment, the Government will seek the criminal forfeiture of the Subject Assets.

As part of a defendant's sentence, forfeiture is determined by the Court.  *See Libretti v. United States*, 516 U.S. 29 (1995); Fed. R. Crim. P. 32.2(b)(1)(A).  However, in cases tried before a jury involving the forfeiture of specific property, either party has a right to retain the jury

3

to determine whether the requisite forfeiture nexus exists.  Fed. R. Crim. P. 32.2(b)(5).  In such cases, "the court must determine *before the jury begins deliberating* whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict."  Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added).  If a timely request is made to retain the jury, the Government will submit a special verdict form asking the jury "to determine whether the government has established the requisite nexus between the property [sought for forfeiture] and the offense committed by the defendant."  Fed. R. Crim. P. 32.2(b)(5)(B); *accord United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) (If a "party requests that a jury determine the forfeitability of specific property, the district court must submit that question to the jury by way of a special verdict form.").

In accordance with Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, the Government again respectfully requests that the Court, before the jury begins its deliberations, inquire whether the Defendant requests that the jury be retained after guilty verdict to determine the forfeitability of the Subject Assets.

B. **Burden of Proof**

Because forfeiture is part of a defendant's sentence, the United States must establish by a preponderance of the evidence the requisite forfeiture nexus between the Subject Assets and the offense(s) of Defendant's conviction(s).  *See United States v. Cabeza*, 258 F.3d 1256, 1257-58 (11th Cir. 2001) (citing *United States v. Dicter*, 198 F.3d 1284, 1290 (11th Cir. 1999)) (finding that the burden of proof on forfeiture is a preponderance of the evidence notwithstanding the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *see also Libretti*, 516 U.S. at 38-41 (1995) (holding that criminal forfeiture is part of the sentencing process).

4

### C. <u>Relevant Evidence</u>

The determination of forfeitability of specific property "may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).  Neither the Federal Rules of Evidence, nor any other rule, prohibits the Court from admitting hearsay statements or any other information that the Court accepts as relevant and reliable.  *See* Fed. R. Evid. 1101(d)(3) (stating that the Federal Rules of Evidence are inapplicable in sentencing proceedings).

In addition to evidence already in the record in this case, the Government may present additional evidence during the forfeiture phase of trial, as permitted by Rule 32.2(b)(1)(B) of the Federal Rules of Criminal Procedure.

### D. <u>Forfeiture Money Judgment</u>

The Court, not the jury, must determine the amount of money the Defendant will be ordered to pay as a forfeiture money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A) ("The court must determine the amount of money that the defendant will be ordered to pay"); *see also Curbelo*, 726 F.3d at 1278 ("We remain persuaded that the court, not a jury, should determine the amount of a money judgment forfeiture.").

Once a forfeiture money judgment is entered by the Court, the Government is entitled to the forfeiture of substitute property, a defendant's other property, up to the value of the judgment pursuant to 21 U.S.C. § 853(p).  The forfeiture of substitute assets under 21 U.S.C. § 853(p) is mandatory, and there is no right to have a jury determine the forfeitability of substitute assets. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) (citations omitted).

### E. Third-Party Interests

During the forfeiture phase of trial, the factfinder, either the jury or the Court, is not required to determine the extent of the Defendant's interest in any of the Subject Assets. Instead, that issue is reserved for the ancillary proceedings following trial. *See generally* Fed. R. Crim. P. 32.2; *see also* Fed. R. Crim. P. 32.2 advisory committee note (2000) (discussing reason for eliminating confusion over whether extent of defendant's ownership interest should be determined by the jury and for providing that under the new rule the court simply enters an order of forfeiture "of whatever interest a defendant may have in the property without having to determine exactly what that interest is").

## II. APPLICABLE CRIMINAL FORFEITURE STATUTES

If retained, the jury's sole inquiry in the forfeiture phase of trial would be "whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(B). Below are the applicable criminal forfeiture statutes in this case, which each set forth the requisite forfeiture nexus for the listed offenses.

### A. 18 U.S.C. § 982(a)(7) – Federal Health Care Offenses

Federal law directs that the Court, "in imposing sentence on a person convicted of a Federal health care offense shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.S.C. § 982(a)(7); *see also* 18 U.S.C. § 24 (defining "Federal health care offense").

The term "proceeds" means any property that the Defendant would not have obtained or retained "but for" the commission of the offenses of conviction. *See United States v. Hoffman-*

6

*Vaile*, 568 F.3d 1335, 1344 (11th Cir. 2009) ("The amounts that Dr. Hoffman–Vaile received from private insurance companies and patients are 'gross proceeds traceable to the commission of' her fraud because, but for her Medicare fraud, she would not have been entitled to collect these sums from the companies and patients."); *see also, e.g., United States v. Miller*, 2012 WL 2362366, at *2 (E.D. Pa. June 21, 2012) ("[I]f money derived from drug trafficking is used to purchase real property, and that real property is used as collateral for a loan, the loan represents the proceeds of drug trafficking activity[.]").

Additionally, if an asset has appreciated since the initial purchase, the United States is entitled to forfeit the entire amount of the asset, including the increased value. *E.g., United States v. Betancourt*, 422 F.3d 240 (5th Cir. 2005) (if defendant buys a lottery ticket with drug proceeds, the lottery winnings are traceable to the offense even though the value of the ticket appreciated enormously when it turned out to contain the winning number); *United States v. Hill*, 46 F. App'x 838, 839 (6th Cir. 2002) (stock that appreciates in value is forfeitable as property traceable to the originally forfeitable shares).

### B.  18 U.S.C. § 982(a)(1) – Money Laundering

In imposing sentence on a defendant convicted of a money laundering offense, the Court must order that "the person forfeit to the United States any property, real or personal, *involved in* such offense, or any property *traceable to* such property." 18 U.S.C. § 982(a)(1) (emphasis added).

The Eleventh Circuit has broadly interpreted the phrase "involved in" to encompass "the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense." *United States v. Puche*,

350 F.3d 1137, 1153 (11th Cir. 2003) (quoting *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998)) (internal quotation marks omitted); *accord United States v. Seher*, 562 F. 3d 1344, 1368 (11th Cir. 2009) (quoting *Puche*, 350 F.3d at 1153). "Property would facilitate an offense if it makes the prohibited conduct less difficult or more or less free from obstruction or hindrance." *Seher*, 562 F.3d at 1368 (internal citation and quotation marks omitted). Additionally, as previously noted, if an asset has appreciated in its value since the initial purchase, the United States is entitled to forfeit the entire amount, including the increased value. *See United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998) (motor home purchased in violation of section 1957 money laundering is forfeitable in its entirety as property traceable to the money laundering offense, irrespective of whether the appreciation is due to wise investment, effort expended by the defendant, or the infusion of untainted funds).

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: */s/ Nicole Grosnoff*
Nicole Grosnoff
Court ID No. A5502029
Peter Laserna
Court ID No. A5502555
Assistant United States Attorneys
nicole.s.grosnoff@usdoj.gov
peter.laserna@usdoj.gov
U.S. Attorney's Office
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294, (305) 961-9030
Facsimile: (305) 536-4089